PARSONS BEHLE & LATIMER
Rew R. Goodenow, Bar No. 3722
Robert W. DeLong, Bar No. 10022
50 W. Liberty Street, Suite 750
Reno, Nevada 89501
Telephone: (775) 323-1601
Facsimile: (775) 348-7250
RGoodenow@parsonsbehle.com
RDelong@parsonsbehle.com

Attorneys for Defendant
STATE BAR OF NEVADA

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ADAM P. SEGAL, ESQ., an individual,<br><br>Plaintiff,<br><br>v.<br><br>STATE BAR OF NEVADA, a Nevada public corporation,<br><br>Defendant. | Case No. 2:13-cv-01511-JCM-NJK<br><br>**MOTION TO DISMISS** |

Defendant, STATE BAR OF NEVADA, by and through its counsel of record, Parsons Behle & Latimer, hereby files this Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), based on the *Younger* abstention doctrine. As set forth below, a pre-existing ongoing disciplinary proceeding before the Southern Nevada Disciplinary Board, requires dismissal of this federal case under the *Younger* abstention doctrine. In addition, this case should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) because the State Bar of Nevada enjoys sovereign immunity against such a lawsuit pursuant to the Eleventh Amendment of the United States Constitution.

///

///

This Motion is based on the pleadings and papers filed herein, the Memorandum of Points and Authorities which follow, and upon such further evidence and argument of counsel as the Court may require or allow.

DATED this 12th day of September, 2013.    PARSONS BEHLE & LATIMER

Rew R. Goodenow, Bar No. 3722
Robert W. DeLong, Bar No. 10022

*Attorneys for Defendant STATE BAR OF NEVADA*

## MEMORANDUM OF POINTS AND AUTHORITIES

This Case should be dismissed for failure to state of claim upon which relief can be granted because Adam Segal, Esq. ("Segal") seeks declaratory relief in this action that would have the effect of prohibiting the Nevada State Bar from adjudicating an attorney discipline matter. The Nevada State Bar has filed a formal complaint against Segal alleging that he violated RPC 1.15 (Safekeeping property) and SCR 8.4 (Misconduct) when he knowingly released disputed funds to his client without any court authorization or further comment from opposing counsel, who was disputing the disposition of the funds. Although Segal has answered the complaint filed with the Southern Nevada Disciplinary Board, he is seeking to circumvent the disciplinary process by filing this action in Federal Court. If the requested declaratory relief in this action were granted, then the Nevada State Bar's disciplinary process regarding Segal would be enjoined by this Court. This tactic should be rejected because the State Bar of Nevada should be permitted to conduct and complete its disciplinary proceedings without federal court intervention, and because Segal will have a full and adequate opportunity to raise his federal preemption claims within the formal disciplinary proceedings, and within any appeal that may be taken therefrom.

In addition, this case should be dismissed for lack of subject matter jurisdiction because Segal's Complaint names only the State Bar of Nevada as a defendant. This fact alone bars the

Complaint based on the State of Nevada's sovereign immunity, which is recognized and protected by the Eleventh Amendment.

I. **STATEMENT OF RELEVANT FACTS**

The State Bar of Nevada is a public corporation created under Nevada's statutes, which is operated under "the exclusive jurisdiction and control of the supreme court." NRS 7.275(1) (2001). This grant of authority and jurisdiction is further defined by Nevada Supreme Court Rule 76, which states that "[t]he State Bar of Nevada, a public corporation heretofore created by statute, shall govern the legal profession in this state, subject to the approval of the supreme court." Pursuant to its authority to dispose of all matters involving alleged attorney misconduct (SCR 104(1)), the State Bar of Nevada filed a formal complaint against Segal on August 2, 2013. (Complaint Doc # 1, ¶ 37.) It is uncontested that this proceeding is ongoing and that Segal filed an answer to the formal complaint on the same day that he filed this Complaint (Doc. # 1).

II. **THIS COURT SHOULD REFRAIN FROM INTERVENING IN THE SOUTHERN NEVADA DISCIPLINARY BOARD'S FORMAL PROCEEDING AND DISMISS THE CASE BASED ON THE ABSTENTION DOCTRINE SET FORTH IN *YOUNGER V. HARRIS.***

The United States Supreme Court determined in *Younger v. Harris*, 401 U.S. 37 (1971), that "declaratory relief is . . . improper when a prosecution involving the challenged statute is pending in state court at the time the federal suit is initiated." This doctrine of abstention was later extended to ongoing state judicial proceedings, which include attorney discipline proceedings. *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). It is now well settled that a district court must abstain and dismiss a suit on the basis of the *Younger* doctrine where: (1) state proceedings are ongoing; (2) important state interests are involved; and (3) the plaintiff has an adequate opportunity to litigate federal claims in the state proceedings. See Id. at 432.

In this case all of the elements of the doctrine are present because (1) formal disciplinary proceedings are ongoing against Segal, (2) Nevada attorney disciplinary proceedings implicate important state interests, and (3) Segal has an adequate opportunity to litigate federal claims

within the formal disciplinary proceeding, just as other litigants have done in the past. Because this case seeks declaratory relief that would effectively enjoin the ongoing proceedings before the Southern Nevada Disciplinary Board, dismissal is appropriate. *See Gilbertson v. Albright*, 381 F.3d 965, 981 (9th Cir. 2004). Furthermore, the policies articulated in the *Younger* decision support abstention because Segal seeks declaratory relief in this action that would have the effect of prohibiting the Nevada State Bar from pursuing an attorney discipline matter.

### A. Formal Disciplinary Proceedings by the Nevada Southern Disciplinary Board are Ongoing Against Segal.

The disciplinary process for Nevada attorneys is set forth in Nevada Supreme Court Rule 105(2), which states in pertinent part:

> Commencement of formal proceedings. Formal disciplinary proceedings are commenced by bar counsel filing a written complaint in the name of the state bar. The complaint shall be sufficiently clear and specific to inform the attorney of the charges against him or her and the underlying conduct supporting the charges.

In this instance, it is clear that a formal proceeding has been commenced against Segal, which is ongoing before the State Bar of Nevada Southern Nevada Disciplinary Board. The Complaint (Doc. # 1) filed by Segal in this matter acknowledges that a "formal complaint" was "issued" against him by the Nevada State Bar at paragraph 37. Moreover, the Complaint (Doc. # 1) acknowledges at paragraph 38 that the State Bar proceedings concern the application of Nevada Rule of Professional Conduct 1.15 to his actions as described in the Complaint. Accordingly, the first element of the abstention doctrine has been met.

### B. Nevada Attorney Disciplinary Proceedings Implicate Important State Interests.

The Court in *Middlesex* concluded that a state "has an extremely important interest in maintaining and assuring the professional conduct of the attorneys it licenses." *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 434 (1982); *see also Rosenthal v. Carr*, 614 F.2d 1219, 1220 (9th Cir.1980) (recognizing that the "abstention doctrine generally precludes federal court interference with pending state attorney disciplinary proceedings"). This case

clearly implicates the Nevada Bar's important interest in interpreting and enforcing Nevada Rule of Professional Conduct 1.15, and the oversight of the attorneys it licenses. Accordingly, the second element of the abstention doctrine has been met.

C. **Segal Has an Adequate Opportunity to Litigate Federal Claims Within the Formal Disciplinary Proceeding, Just as Other Litigants Have Done in the Past.**

The disciplinary proceedings against Segal are clearly judicial in nature because the Southern Nevada Disciplinary Board is under the exclusive jurisdiction and control of the Supreme Court. NRS 7.275 and SCR 76. More importantly, the Supreme Court rules governing discipline allow Segal the opportunity to present constitutional claims, just as other respondents have asserted in prior cases. *See, i.e. In re Discipline of Schaefer*, 117 Nev. 496, 25 P.3d 191, as *mod.* 31 P.3d 365 (2001) (the Court determined that the Frist Amendment rule of void for vagueness applied in the case and overturned a finding of misconduct). In addition, the United States Supreme Court has stated that "[m]inimal respect for the state processes, of course, precludes any presumption that the state courts will not safeguard federal constitutional rights." *Middlesex County*, 457 U.S. at 431.

In addition to the Nevada Supreme Court's ability to review determinations made by the State Bar Disciplinary Board, the Court may issue writs of mandamus, writs of prohibition, and "all writs necessary or proper to the complete exercise of its appellate jurisdiction." Nev. Const., Art. 6, § 4. In prior cases, the Court has permitted subjects of judicial disciplinary proceedings to seek extraordinary writs to cut off disciplinary proceedings. See *Mosley v. Nev. Comm'n on Judicial Discipline*, 22 P.3d 655 (Nev. 2001) (considering writ petition seeking interlocutory review of disciplinary proceedings); *see also Whitehead v. Nev. Comm'n on Judicial Discipline*, 906 P.2d 230, 244 (Nev. 1994) (considering writ petition seeking review of disciplinary commission's acts prior to a final decision). The availability of a writ proceeding before the Nevada Supreme Court provides yet another avenue for an attorney to raise his constitutional claims in the state court proceedings. Accordingly, the second element of the abstention doctrine has been met.

Based on the fact that all of the elements for *Younger* abstention have been met, and the relief sought by Segal in this action that would have the effect of prohibiting the Nevada State Bar from pursuing to completion an attorney discipline matter, this Court should dismiss Segal's Complaint.

### III. THIS COURT DOES NOT HAVE SUBJECT MATTER JURISDICTION OVER THE STATE BAR OF NEVADA BASED ON THE STATE'S SOVEREIGN IMMUNITY, WHICH IS RECOGNIZED AND PROTECTED BY THE ELEVENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

This case should be dismissed based on lack of subject matter jurisdiction because the State Bar is immune from such lawsuits. The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." This has been construed to extend to a lawsuit brought in Federal Court by a state's own citizen. "A state is immune from federal court suits brought by its own citizens, even though the case arises under the Constitution or laws of the United States." *Louis v. Supreme Court of Nevada*, 490 F. Supp. 1174, 1180 (D. Nev. 1980). More importantly, it has been determined that "[t]he Supreme Court of Nevada is an agency of the State of Nevada and immune from suit under the Eleventh Amendment to the U. S. Constitution." *Id.* (citation omitted). Absent a waiver, a state itself or an "arm" thereof is not subject to a suit for declaratory relief in light of the Eleventh Amendment's express bar against such lawsuits. As the State of Nevada has never expressly waived its sovereign immunity for actions such as this one, the State Bar of Nevada respectfully invokes its Eleventh Amendment immunity as an express jurisdictional bar to Segal's lawsuit. Accordingly, this Court should dismiss the case for lack of subject matter jurisdiction.

///
///
///
///

## IV. CONCLUSION.

Based on the foregoing, the State Bar of Nevada respectfully requests that this Court dismiss this action because the *Younger* abstention doctrine applies and because the State has not waived its sovereign immunity with respect to such a lawsuit.

DATED this 12th day of September, 2013.

PARSONS BEHLE & LATIMER

*/s/ Rew Goodenow*
Rew R. Goodenow, Bar No. 3722
Robert W. DeLong, Bar No. 10022

*Attorneys for Defendant STATE BAR OF NEVADA*

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I hereby certify that I am an employee of Parsons Behle & Latimer, and that on this 12th day of September, 2013, I filed a true and correct copy of the foregoing MOTION TO DISMISS with the Clerk of the Court through the Court's CM/ECF system, which sent electronic notification to the following:

Adam P. Segal
Adam K. Bult
Brownstein Hyatt Farber Schreck, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106-4614
asegal@bhfs.com
abult@bhfs.com

*Attorneys for Plaintiff*

/s/ Tracy Brown
Employee of Parsons Behle & Latimer

4819-4819-6885.1