# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| ADAM P. SEGAL, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | Case No. 2:13-cv-1511-JCM-NJK |
| vs. | ) | ORDER DENYING PROPOSED DISCOVERY PLAN AND SCHEDULING ORDER |
| ALAN LEFEBVRE, et al, | ) | |
| Defendants. | ) | |

Pending before the Court is what the parties have termed a proposed discovery plan and scheduling order, but what is in reality the parties' request for a stay of discovery. Docket No. 21. For the reasons stated below, the Court **DENIES** the request.

The Complaint in the instant case was filed on August 22, 2013. Docket No. 1. Defendant filed a motion to dismiss on September 12, 2013. Docket No. 5. The Rule 26(f) conference was required to be held within 30 days thereafter. *See* Local Rule 26-1(d) ("Counsel for plaintiff shall initiate the scheduling of the Fed. R. Civ. P. 26(f) meeting within thirty (30) days after the first defendant answers *or otherwise appears*" (emphasis added)). The stipulated discovery plan was due 14 days after the Rule 26(f) conference. *See* Local Rule 26-1(d) ("Fourteen (14) days after the mandatory Fed. R. Civ. P. 26(f) conference, the parties shall submit a stipulated discovery plan and scheduling order"). Accordingly, and as specifically stated on the docket, the stipulated discovery plan was due on October 27, 2013.[1] Docket No. 5.

---

[1] The filing of a dispositive motion does not alter the requirement to file a proposed discovery plan. *See Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011) ("The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending.")

On November 4, 2013, after the parties had failed to timely file a stipulated discovery plan, the Court issued an Order to Show Cause why they had failed to comply with the Local Rules. Docket No. 19. The Court stated that the filing of a stipulated discovery plan would be sufficient to discharge the Order to Show Cause. *Id.*, at 2. On November 5, 2013, the parties filed the instant document, which they call a proposed stipulated discovery plan and proposed order, and state that it is filed pursuant to, *inter alia*, LR 26-1(e). Docket No. 21. The document, however, completely fails to comply with the requirements of LR 26-1(e) and, instead, simply consists of the parties' agreement that discovery should be stayed pending decisions on a pending motion to dismiss and motion for summary judgment. *Id.*, at 1-2.

The parties also state that they conferred, through counsel, on October 4, 2013, regarding discovery deadlines. *Id.*, at 2. It appears, then, that the parties agreed, over a month ago, to stay discovery deadlines, but failed to request approval of this agreement from the Court. Under the Local Rules, such a stipulation is not valid unless and until it has been approved by the Court:

> No stipulations relating to proceedings before the Court except those set forth in Fed. R. Civ. P. 29 shall be effective until approved by the Court. Any stipulation that would interfere with any time set for completion of discovery, for hearing of a motion, or for trial, may be made only with the approval of the Court.

LR 7-1(b).

Further, the pendency of a potentially dispositive motion alone does not in itself stay discovery deadlines. *See, e.g., Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, __ F.R.D. ___, 2013 WL 150185, *2 (D. Nev. Jan. 14, 2013) ("The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending"). *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D 597, 600 (D. Nev. 2011) (same). "It is well-established that a party seeking a stay of discovery carries the heavy burden of making a strong showing why discovery should be stayed." *Tradebay*, 278 F.R.D. at 601. "A showing that discovery may involve some inconvenience and expense does not establish good cause for issuance of a stay." *Id.* Conclusory statements regarding the benefit of a stay are plainly insufficient. *Id.* at 601-02. The parties have failed to make the required showing for the Court to grant a stay of discovery.

2

1    The parties cannot unilaterally delay discovery without Court approval.  *See* LR 6-1 and LR 7-1.
2 When parties wish to delay or extend deadlines, they must seek a stay of discovery or deadline extension
3 from the Court, using the proper standards.  The Court DENIES the parties' request for a stay of discovery,
4 and ORDERS the parties to file a joint proposed discovery plan no later than November 12, 2013.

IT IS SO ORDERED.

DATED: November 5, 2013

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE

3