Adam P. Segal, Esq.
Nevada Bar No. 6120
Adam K. Bult, Esq.
Nevada Bar No. 9332
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV  89106-4614
Telephone:  702.382.2101
Facsimile:  702.382.8135
Emails: asegal@bhfs.com
        abult@bhfs.com

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ADAM P. SEGAL, ESQ., an individual<br><br>Plaintiff,<br><br>v.<br><br>ALAN LEFEBVRE, in his official capacity as President of the State Bar of Nevada; and JANEEN V. ISAACSON, in her official capacity as Assistant Bar Counsel to the State Bar of Nevada,<br><br>Defendants. | CASE NO.:  2:13-cv-01511- JCM-NJK<br><br>**JOINT MOTION TO STAY DISCOVERY** |

　　　　Plaintiff ADAM P. SEGAL, ESQ. ("Plaintiff"), through his undersigned counsel of record, the law firm of Brownstein Hyatt Farber Schreck, LLP and Defendants ALAN LEFEBVRE, in his official capacity as president of the State Bar of Nevada, and JANEEN V. ISAACSON, in her official capacity as Assistant Bar Counsel to the State Bar of Nevada, (collectively "Defendants"), by and through their attorney of record, the law firm of Parsons Behle & Latimer, hereby submit the following Joint Motion to Stay Discovery.  The parties note that in an effort to act in full compliance with the Court's recent Order directing the filing of a joint discovery plan, the parties have filed a proposed discovery plan, which they seek to have postponed based on the arguments contained herein.

**I.  Procedural History.**

On August 22, 2013, Plaintiff filed a Complaint requesting a declaratory judgment against the State Bar of Nevada (Complaint, ECF No. 1). Shortly thereafter, Plaintiff substituted parties to exclude the State Bar of Nevada and include Janeen V. Isaacson and Alan Lefebvre (Amended Complaint, ECF No. 7; Order Granting Motion to Substitute Parties, ECF No. 11). On September 12, 2013, Defendants filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) based on the *Younger* abstention doctrine (Motion to Dismiss, ECF No. 5). On October 22, 2013, Plaintiff then filed a Motion for Summary Judgment relying on a federal preemption based argument (Motion for Summary Judgment, ECF No. 17). Both dispositive motions are still pending decisions by this Court.

On November 4, 2013, an Order to Show Cause was issued in the instant action instructing the parties to file a joint proposed discovery plan (Order to Show Cause, ECF No. 19). The parties attempted to comply and requested a stay within their joint proposed discovery plan (Proposed Discovery Plan, ECF No. 21). This Court denied the request for stay and instructed the parties to use proper procedure to request any stay or extension of discovery deadlines (Order Denying Proposed Discovery Plan, ECF No. 21). Therefore, the parties jointly bring this motion to stay discovery and respectfully request this Court to reconsider its denial of the parties' previous request.

**II.  Argument.**

Parties seeking to stay discovery must make a strong showing of why discovery should be delayed. *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). The District of Nevada has held that merely having dispositive motions pending is not a blanket reason to stay discovery. *Twin City Fire Insurance v. Employers of Wausau*, 124 F.R.D. 652, 653 (D.Nev.1989); *Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D.Nev.1997).

However, this District has instructed the proper question to ask is "whether it is more just to speed the parties along in discovery and other proceedings while a dispositive motion is

020052\0253\10838720.1                                   2

pending, or whether it is more just to delay or limit discovery and other proceedings to accomplish the inexpensive determination of the case." *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 504 (D. Nev. 2013). Furthermore, when a complaint does not raise factual issues that require discovery for their resolution, a stay of discovery may be appropriate when a dispositive motion is pending. *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987).

The parties believe it is more just to delay discovery in the instant action. While many cases warrant judicial efficiency over most other concerns, this proceeding is an outlier. Both parties agree this case may initially be decided on a question of law: the application of federal preemption and/or Younger abstention.

In addition, the parties agree that the just and equitable option is to stay discovery because a State Bar of Nevada disciplinary hearing runs parallel to this case. While the instant proceeding may be preliminarily decided on a question of law, the disciplinary hearing is a fact-intensive inquiry. The Court's decision on the question of federal preemption acts as a gatekeeper to the disciplinary hearing. This Court will either permit the disciplinary hearing to go forward or instruct it to stop. To require fact-finding efforts in both the instant proceeding and the ensuing disciplinary hearing would be burdensome and duplicative. The parties agree that a stay of discovery in this case will serve the aggregate interests of judicial efficiency between the two proceedings.

///

///

///

020052\0253\10838720.1                              3

**III.     Conclusion.**

Therefore, for the reasons stated above, Plaintiff and Defendants respectfully request this Court to stay discovery pending decisions on Plaintiff's Motion for Summary Judgment and Defendants' Motion to Dismiss.

| BROWNSTEIN HYATT FARBER SCHRECK, LLP | PARSONS BEHLE & LATIMER |
|---|---|
| /s/ Adam K. Bult | /s/ Robert W. DeLong |
| Adam P. Segal, Esq. | Rew R. Goodenow, Esq. |
| Adam K. Bult, Esq. | Robert W. DeLong, Esq. |
| 100 North City Parkway, Suite 1600 | 50 West Liberty Street, Suite 750 |
| Las Vegas, NV 89106-4614 | Reno, NV 89501 |
| Telephone: 702.382.2101 | 3925 North Martin Luther King Blvd. |
| Facsimile: 702.382.8135 | |
| | *Attorneys for Defendants* |
| *Attorneys for Plaintiffs* | |
| Dated: Nov. 13, 2013. | Dated: Nov. 13, 2013. |

020052\0253\10838720.1                                4

# **CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5(b), I certify that I am an employee of Brownstein Hyatt Farber Schreck, LLP and that on this 13th day of November, 2013, I served a true copy of the foregoing **JOINT MOTION TO STAY DISCOVERY** upon:

Rew R. Goodenow, Esq.
Robert W. DeLong, Esq.
PARSONS BEHLE & LATIMER
50 West Liberty Street, Suite 750
Reno, Nevada 89501
Telephone: (775) 323-1601
Facsimile: (775) 348-7250
Email: rGoodenow@parsonsbehle.com
        rDelong@parsonsbehle.com

*Attorney for Defendant*

☒  a.  **BY CM/ECF System**

**I declare under penalty of perjury that the foregoing is true and correct.**

/s/ Ebony Davis
An Employee of Brownstein Hyatt Farber Schreck, LLP

020052\0253\10838720.1                    5