# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ADAM P. SEGAL, ESQ., | ) |
| Plaintiff, | ) Case No. 2:13-cv-01511-JCM-NJK |
| vs. | ) **ORDER GRANTING STAY OF DISCOVERY** |
| ALAN LEFEBVRE, et at., | ) |
| Defendants. | ) |

Pending before the Court is the parties' Joint Motion to Stay Discovery pending decisions on Plaintiff's motion for summary judgment and Defendants' motion to dismiss. Docket 24; *see also* Docket No. 5 ("motion to dismiss") and Docket No. 17 ("motion for summary judgment"). The parties agree that both the motion to dismiss and the motion for summary judgment are potentially dispositive and can be decided without additional discovery. Docket No. 24, at 2-3. The parties further agree that it is more just to delay discovery in this action until preliminary questions of law are decided. *Id*.

The pendency of a motion to dismiss alone does not in itself stay discovery deadlines. *See, e.g., Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 506 (D. Nev. 2013) ("The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending"). "It is well-established that a party seeking a stay of discovery carries the heavy burden of making a strong showing why discovery should be stayed." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D 597, 601 (D. Nev. 2011). To determine whether this requirement is met, the Court employs a two-part test: (1) the pending motion must be potentially

dispositive of the entire case or at least dispositive of the issue on which discovery is sought, and (2) the court must determine whether the pending potentially dispositive motion can be decided without additional discovery. *Ministerio,* 288 F.R.D. at 506; *citing e.g., Mlejnecky,* 2011 WL 489743, at *6. Therefore, as a threshold matter, the movant must establish that the "pending motion must be potentially dispositive of the entire case or at least dispositive of the issue on which discovery is sought." *Tradebay,* 278 F.R.D at 601. Once a party has met the threshold requirement, the court must consider whether the pending potentially dispositive motion can be decided without additional discovery. *Ministerio Roca Solida v. U.S. Dept. of Fish & Wildlife*, 288 F.R.D. 500 (D. Nev. 2013); citing *Mlejnecky v. Olympus Imaging America, Inc., 2011 WL 489743, at *6 (E.D.Cal. Feb. 7, 2011).* To make this determination, "the court deciding the motion to stay must take a 'preliminary peek' at the merits of the pending dispositive motion to assess whether a stay is warranted."[1] *Id.* The Court must decide "whether it is more just to speed the parties along in discovery and other proceedings while a dispositive motion is pending, or whether it is more just to delay or limit discovery and other proceedings to accomplish the inexpensive determination of the case." *Id*.

Here, the Court has reviewed the pending motion to dismiss and the pending motion for summary judgment and finds both address preliminary questions of law.  The motion to dismiss is based on the *Younger* abstention doctrine, and the motion for summary judgment relies on a federal preemption based argument. See Docket Nos. 5 and 17, respectively. These are questions of law and do not require additional discovery.  Finally, the Court has taken a preliminary peek at the merits of the pending motions and finds that it is more just to delay discovery to accomplish the inexpensive determination of the case than to speed the parties along in discovery while the dispositive motions are pending.

---

[1] As the Court in *Ministerio Roca Solida* stated, "taking a 'preliminary peek' and evaluating a pending dispositive motion puts a magistrate judge in an awkward position. The district judge will decide the dispositive motion and may have a different view of the merits of the underlying motion. Thus, this court's 'preliminary peek' at the merits of the underlying motion is not intended to prejudge its outcome. Rather, this court's role is to evaluate the propriety of an order staying or limiting discovery with the goal of accomplishing the objectives of Rule 1." Federal Rule of Civil Procedure 1 directs that the Rules shall "be construed and administered to secure the just, speedy, and inexpensive determination of every action."

1  Accordingly, discovery in this matter is hereby **STAYED** pending decisions on Plaintiff's
2  motion for summary judgment and Defendants' motion to dismiss.  The parties are **ORDERED** to
3  provide the undersigned with a revised discovery plan within 14 days of any order denying the
4  motion to dismiss and/or denying the motion for summary judgment.

5  IT IS SO ORDERED.

6  DATED: November 14, 2013

_____
NANCY J. KOPPE
United States Magistrate Judge