# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ADAM P. SEGAL, ESQ., an individual,

Plaintiff(s),

v.

ALAN LEFEBVRE, et al.,

Defendant(s).

2:13-CV-1511 JCM (NJK)

## ORDER

Presently before the court is defendants' motion to dismiss. (Doc. # 5). Plaintiff has responded (doc. # 8) and defendants have replied (doc. # 14).

Also before the court is plaintiff's motion for summary judgment. (Doc. # 17). Defendants have responded (doc. # 27) and plaintiff has replied (doc. # 28).

**I.  Background**

The instant dispute relates to a prior case before this court involving the Employee Retirement Income Security Act ("ERISA").

Plaintiff Adam Segal ("Segal") is a Nevada attorney employed by the law firm Brownstein, Hyatt, Farber, Schreck, LLP. Segal represents the Laborers Local 872 Health & Welfare Trust ("Trust"). Defendants Janeen Isaacson and Alan Lefebvre have been sued in their official capacities as bar counsel to the State Bar of Nevada (collectively "the Bar").

Non-party Julie Tafoya ("Tafoya") was a participant in the Trust whose medical claims from

**James C. Mahan**
**U.S. District Judge**

1  a car accident were paid by the Trust. The Trust's plan requires participants who recover from third-
2  parties for their injuries to reimburse the plan for any medical claims paid and attorney's fees
3  expended in enforcing those rules. Donald Kudler, Esq., ("Kudler") was Tafoya's attorney and
4  sought recovery from the liable third-party. Kudler ultimately recovered $15,000 ("the payment")
5  on behalf of Tafoya from the third-party's insurance carrier. In addition to the Trust, various other
6  third-parties asserted an interest in the payment.

7  The complaint asserts that Kudler was required by Nevada ethical rules to hold those funds
8  until the dispute over which parties were entitled to the payment was resolved. After Kudler
9  allegedly delayed in acquiescing to the Trust's assertion of its interest, the Trust sued Tafoya.
10 During a hearing in that action, Kudler represented that he intended to fully repay the Trust. The
11 action was thereafter dismissed for lack of a case or controversy. *See Construction Industry and*
12 *Laborers Health & Welfare Trust, et al, v. Cap, et al,* case no. 2:09-cv-02420-JCM-PAL (D. Nev.
13 May 13, 2010).

14 The complaint alleges that Kudler did not comply with his obligation to keep the payment
15 until all disputes over it were resolved, that he instructed the liable party's insurance company to
16 issue the payment jointly to himself, Tafoya, and the Trust, and that he did so without Segal's
17 knowledge. Kudler then allegedly instructed Tafoya to endorse the payment to the Trust, also
18 without conferring with Segal. Finally, Kudler allegedly sent the payment, which was then fully
19 payable to the Trust, to Segal, and "purported to transfer the obligation to keep and sort out the
20 competing interests to Mr. Segal, none of which Mr. Segal ever consented or agreed to do."

21 After having the payment turned over to him, Segal alleges it became a Trust asset under
22 ERISA, and that he was a functional fiduciary under section 3(21). Segal asserts he had no
23 discretionary authority regarding what to do with the payment at that time, and that he was obligated
24 by ERISA to turn it over to the Trust.

25 The Bar reacted to these events by initiating disciplinary proceedings against Segal regarding
26 the manner in which he handled the recovery check. In particular, the State Bar has cited violations
27 of Nevada Supreme Court Rule 8.4, governing misconduct, and Nevada Rule of Professional
28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  Conduct 1.15 ("NRPC 1.15"), governing the safekeeping of property.[1]  The Bar asserts that NRPC
2  1.15 required that Segal hold the payment in trust for the benefit of Tafoya's creditors.  In response,
3  Segal asserts that ERISA clearly prohibited doing anything with the payment other than transmitting
4  it to the Trust.

      The instant complaint seeks declaratory relief that NRPC 1.15 is in conflict with, and therefore preempted by, obligations imposed by ERISA.

## II. Discussion

### A. Motion to dismiss

      The Bar defendants filed the instant motion to dismiss in response to the original complaint.  (Doc. # 1).  Segal thereafter filed an amended complaint.  (Doc. # 7).

      An amended complaint supersedes the original pleading, making it "non-existent." *Valadez-Lopez v. Chertoff*, 656 F.3d 851,857 (9th Cir. 2011).  If a litigant files an amended pleading, then motions to dismiss the original complaint are mooted without prejudice.  *Johnson v. Cheryl,* 2013 WL 3943606, at *2 (D. Nev. 2013).  Accordingly, the motion to dismiss was automatically rendered moot by the filing of the amended complaint.

### B. Motion for summary judgment

      Segal seeks declaratory relief that his obligations under ERISA preempt the instant rule of professional conduct imposed by Nevada.  In response, defendant argues that *Younger* abstention is warranted or, alternatively, that the Bar is immune from such suit.

      The *Younger* abstention doctrine is an exception to the usual rule that federal courts should exercise the jurisdiction conferred on them by statute.  *Gartrell Const. Inc. v. Aubry*, 940 F.2d 437, 441 (9th Cir. 1991).

      The Supreme Court has set out the following test for determining whether the abstention doctrine should apply: (1) whether there are ongoing state judicial proceedings, (2) whether the

---

[1] Although unclear from the briefing, the court assumes it has been alleged Segal violated NRPC 1.15(e), which provides: "When in the course of representation a lawyer is in possession of funds or other property in which two or more persons (one of whom may be the lawyer) claim interests, the property shall be kept separate by the lawyer until the dispute is resolved. The lawyer shall promptly distribute all portions of the funds or other property as to which the interests are not in dispute."

1  proceedings implicate important state interests, and (3) whether there is an adequate opportunity in
2  the state proceedings to raise federal questions. *Id*. The Ninth Circuit has identified an additional
3  consideration: (4) whether the federal action would enjoin the state proceeding or have the practical
4  effect of doing so, i.e., by interfering with the state proceeding in a way that *Younger* disapproves
5  of. *San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546
6  F.3d 1087, 1092 (9th Cir. 2008); *Logan v. U.S. Bank N.A.*, 722 F.3d 1163, 1167 (9th Cir. 2013).

7  Abstention under *Younger* has been extended to states' attorney disciplinary proceedings.
8  *See Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). In
9  *Middlesex Cnty.*, the attorney was served with a formal statement of charges by New Jersey's ethics
10 committee for violating certain New Jersey Supreme Court disciplinary rules. The attorney filed suit
11 in federal court contending that the disciplinary rules violated his rights under the U.S. Constitution.
12 The Supreme Court held that the policies underlying *Younger* should be applied to the ethics
13 committee's disciplinary proceedings, and that the trial court was correct in abstaining from deciding
14 the matter.

15 The court's reasoning in *Middlesex Cnty.* governs the outcome here. First, there is no dispute
16 that a formal disciplinary complaint has been filed against Segal. The filing of that complaint
17 constitutes an "ongoing state judicial proceeding." *Id.* at 433-34.

18 Second, Nevada clearly has an important interest in maintaining and assuring the professional
19 conduct of the attorneys it licenses.

20 Third, Segal has not demonstrated that the forum provided by the disciplinary proceedings
21 is in any way inadequate to address obligations imposed under federal law by ERISA and the tension,
22 if any, those obligations may have with Nevada's ethical rules. Segal's argument regarding federal
23 preemption may be properly raised in the disciplinary proceedings; Congress' grant of exclusive
24 jurisdiction to the federal courts in ERISA claims does not foreclose the opportunity to raise a
25 preemption defense in the state proceedings. *See Fresh Intern. Corp. v. Agricultural Labor*
26 *Relations Bd.*, 805 F.2d 1353, 1364 (9th Cir. 1986).

27 Fourth, any declaratory relief this court may provide would necessarily dictate the outcome
28

James C. Mahan
U.S. District Judge

- 4 -

of the disciplinary proceedings, thereby having the practical effect of enjoining those proceedings. It is therefore appropriate for the court to abstain in this instance.

### III. Conclusion

"When a case falls within the proscription of *Younger,* a district court *must* dismiss the federal action." *Fresh Int'l Corp.,* 805 F.2d at 1356 (internal citations and quotations omitted)(emphasis added). The court concludes that *Younger* applies for the foregoing reasons and that the action must be dismissed.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motion to dismiss (doc. # 5) be, and the same hereby is DENIED as moot.

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment (doc. # 17) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that the case be, and the same hereby is, DISMISSED. The clerk shall enter judgment accordingly and close the case.

DATED March 31, 2014.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 5 -